1 CIT-ESERVE  Case 3:20-cv-03238-L   Document 1-5   Filed 10/23/20   Page 1 of 6   PageID 13

FILED
9/14/2020 3:06 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

CAUSE NO. DC-20-13072

| | | |
|---|---|---|
| SHAWANDA GROVES on behalf of herself and all similarly situated | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| MATHESON TRI-GAS, INC. | § § § | F-116 JUDICIAL DISTRICT |
| Defendant. | § | |

**PLAINTIFF'S PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Shawanda Groves, on behalf of herself and all others similarly situated ("Groves" or "Plaintiff") brings this action against Defendant Matheson Tri-Gas, Inc., violating the laws of the United States of America/the State of Texas, and alleges the following:

**I.   PARTIES**

1.   Plaintiff, Shawanda Groves, is an individual who is a resident of Dallas County, Texas and can be reached by and through her counsel of record, Vincent Bhatti and Ditty Bhatti, The Bhatti Law Firm, 14785 Preston Road, Suite 550, Dallas, Texas 75254.

2.   Defendant, Matheson Tri-Gas, Inc. is a Texas corporation that is authorized to do and does business in Dallas County, Texas and may be served at its corporate headquarters located at 909 Lake Carolyn Parkway, Suite 1300, Irving, TX 75039-4821.

**II.   JURISDICTION, VENUE, AND DISCOVERY PLAN**

3.   Plaintiff was employed by Matheson Tri-Gas within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"). At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

EXHIBIT B

4.     Defendant Matheson Tri-Gas, Inc. is engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and are obligated to ensure that all employees are paid in accordance with the FLSA.

5.     This Court has jurisdiction to hear the merits of Plaintiff's claims because state courts have concurrent jurisdiction with federal courts on cases filed under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  In addition, Plaintiff's damages are within the jurisdictional limit.

6.     Venue is proper as to all parties in Dallas County, Texas, because issues in question occurred in Dallas County, the contract in question was executed in Dallas County, and Defendants' breach of contract and torts were performed in Dallas County, pursuant to §§15.011, 15.092, and 15.093, respectively.

7.     All conditions precedent were performed or have occurred.

8.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims as a collective action on behalf of herself and all other similarly situated employees of Defendant who elect to opt into this action.

9.     Plaintiff intends that discovery will be conducted in accordance with a Level 2 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.  Plaintiff seeks monetary relief between $200,000 and $1,000,000.

### III.     FACTS

10.     At all times relevant to this case, Defendant Matheson Tri-Gas, Inc. was an "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times relevant to this case, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

12. At all times relevant to this case, Defendant has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s) (1), in that said enterprises have had (a) employees engaged in commerce or in the production of goods or commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times relevant to this case, Plaintiff was an individual employee who was engaged in commerce pursuant to 29 U.S.C. §§ 206-207.

14. Plaintiff was employed by Defendant within the applicable statute of limitations.

15. Plaintiff was employed by Defendant from approximately August 2015 to February 2020 (hereinafter, the "Covered Period").

16. Plaintiff was employed as a Logistics Planner which was not an exempt position.

17. Nevertheless, Plaintiff was misclassified as exempt and paid a salary regardless of the number of hours she worked in any given workweek.

18. A Logistics Planner position consisted of monitoring customers chemical levels and truck load levels and simply matching trucks with customers while creating routes between the truck to the customer.

19. Defendant was investigated by the Department of Labor for violations of the FLSA and was found in violation for all pay between 5-17-17 to 5-16-19 for Plaintiff's position.

20. Plaintiff worked an average of fifteen (15) hours of overtime per week for all times she worked for Defendant for which she was not compensated properly under the FLSA.

21. Throughout the Covered Period, Plaintiff was a full-time employee of Defendants.

22. Plaintiff was not paid for overtime hours as required under the FLSA for the Logistics Planner position.

23. Plaintiff was intentionally misclassified as salaried and exempt.

24. Plaintiff was eventually terminated for illegitimate reasons.

25. The aforementioned acts and conduct by Defendants, its agents and employees were intentional, willful, wanton, malicious and outrageous.

### IV. CAUSES OF ACTION - VIOLATIONS OF THE FLSA: OVERTIME AND RETALIATION

26. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

27. At all times relevant to this case, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty within a workweek.

28. Defendants also justified not paying overtime earned throughout the week by misclassifying employees as "salaried" and/or "exempt" employees.

29. Defendants failed to keep proper records of Plaintiff's time worked as well as those records of similarly situated employees.

30. Defendants required Plaintiff to modify her hours worked on time records.

31. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages plus incurring reasonably attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages, interest, attorney's fees and court costs.

## V.   BREACH OF CONTRACT

33. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

34. Plaintiff and Defendants entered into an employment contract when they decided to engage in the employer-employee relationship.

35. Defendant agreed to pay Plaintiff for her non-exempt position of Logistics Planner in compliance with the law.

36. Defendant breached the agreement by failing to pay Plaintiff per the law.

37. Plaintiff suffered significant damages as a result of Defendant's breach.

## VI.   ATTORNEYS' FEES AND COSTS

38. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

39. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and as allowed by the Texas Labor Code.

## VII.   REQUEST FOR DISCLOSURE

40. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose within 30 days of service of this Answer, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

## VIII.   JURY DEMAND

41. Plaintiff requests a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shawanda Groves, respectfully requests that this Court award her judgment against Defendant Matheson Tri-Gas for the following:

a. Actual and consequential damages;

b. Liquidated damages;

c. Attorneys' fees and expenses;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

f. Judgments against Defendants that their violations of the FLSA were willful;

g. Costs of court; and

h. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF, SHAWANDA GROVES**